PROB 12C
(04/08)

July 22, 2008

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 25 PM 12: 16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**Petition for Warrant or Summons for Offender Under Supervision**

**Name of Offender:** John WATKINS (English)
Charged As: (same)

**Dkt No.:** 08-CR-7024-001-IEG

**Reg. No.:** 01615-196

**Name of Sentencing Judicial Officer:** The Honorable Michael A. Telesca, U. S. District Judge, Western District of New York. Upon transfer of jurisdiction to the Southern District of California, this case was assigned to the Honorable Irma E. Gonzalez, Chief U.S. District Judge

**Date of Sentence:** May 7, 1998

**Original Offense:** Ct. 1: 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B) and 846, Conspiracy to Possess with Intent to Distribute 100 Kilograms or more of Marijuana, a Class B felony; Cts.2 and 3: 21 U.S.C. § 843(b), Unlawful Use of a Communication Facility, Class D felonies.

**Sentence:** 78 months, as to each count to be served concurrently; 8 years supervised release, as to each count to be served concurrently (*Special Conditions: See Attached Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** June 12, 2001

**Asst. U.S. Atty.:** U.S. Attoney's Office
SD/CA

**Defense Counsel:** Joseph Damelio (Appointed)
(716) 232-1630

**Prior Violation History:** None.

---

**PETITIONING THE COURT**

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| **(Mandatory condition)**<br>Refrain from any unlawful use of a controlled substance. Submit one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. | Mr. Watkins used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on August 3, 2007, which tested positive for methamphetamine. |
| | 2. | Mr. Watkins used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on August 22, 2007, which tested positive for amphetamine and methamphetamine. |

***Grounds for Revocation:*** As to allegations 1 and 2, I have received and reviewed the U.S. Pretrial Laboratory tests results which confirm that the urine samples Mr. Watkins submitted on the above dates tested positive for illicit drug use.

| | | |
|---|---|---|
| **(Mandatory Condition)**<br>Refrain from any unlawful use of a controlled substance. *(nv3)* | 3. | On September 30, 2007, Mr. Watkins used cocaine as evidenced by his admission to the probation officer on January 23, 2008. |

***Grounds for Revocation:*** As to allegation 3, on January 23, 2008, the Mr. Watkins met with the probation officer at the U.S. Probation Office and admitted using cocaine on September 30, 2007.

| | | |
|---|---|---|
| **(Standard Condition)**<br>Report to the probation officer and submit a truthful and complete written report within the first five days of the month. *(nv7)* | 4. | Mr. Watkins failed to submit monthly supervision reports within the first five days of the month from August 2007 through June 2008. |

***Grounds for Revocation:*** As to allegation 4, on June 20, 2001, the conditions of supervision, including the requirement that he submit written monthly reports, were explained to Mr. Watkins and he signed acknowledgment of same. However, he failed to do so as noted above. When asked why he had not submitted the reports he stated he, "forgot."

**(Standard Condition)**

Notify the probation officer ten days prior to any change of residence or employment. *(nv11)*

5. Mr. Watkins failed to notify the probation officer 10 days prior to his change of address on or about April 29, 2008.

***Grounds for Revocation:*** During an office appointment with the undersigned officer on April 3, 2008, the offender was instructed to not move from his residence without the permission of the probation officer. On April 29, 2008, Mr. Watkins reported a change of address without prior notification to the probation officer.

**(Special Condition)**

Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv21)*

6. While participating in drug treatment program, Mr. Watkins failed to submit urine samples at Mental Health Systems, Inc.(MHS), on September 28, and November 13, 2007; January 19 and 22; February 11; March 15; April 29; June 10 and 18; and July 12, 2008, as directed.

7. While participating in drug treatment program, Mr. Watkins failed to attend counseling on October 10, 2007, as directed.

***Grounds for Revocation:*** As to allegations 6 and 7, I received and reviewed the MHS Noncompliance Reports which confirm that while participating in treatment, on the above dates, Mr. Watkins failed to submit urine sample as directed in the prerecorded testing instructions and failed to attend counseling as directed. The offender began participating in drug treatment at MHS, as directed by the probation officer, on August 22, 2007.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Upon release from custody on June 12, 2001, Mr. Watkins reported to our district for supervision. During the first months of supervision, he struggled with reporting for drug testing. He attributed his failure to drug test to the unpredictable employment responsibilities he dealt with on a day to day basis. Provisions were made to accommodate his schedule, yet Mr. Watkins continued to experience substance abuse issues. Various efforts to bring the offender into compliance by increasing his drug testing and requiring him to participate in more intense drug treatment services has not been effective. In order to address his noncompliance, Your Honor accepted transfer of jurisdiction in this case, which was finalized on May 29, 2008.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Watkins resides in San Diego, with his wife. He is currently working for Belfor Property Restoration as an estimator. While on supervision, he has worked for two other restoration companies and also as a project manager for a construction company.

Mr. Watkins is currently being drug tested at MHS and although he indicates he is attending self-help meetings in the community, he has not provided verification of same. Records reflect that he completed the 500-hour Comprehensive Drug Abuse Program offered by the Bureau of Prisons while in custody on the underlying matter. While on supervision, the offender has also participated in outpatient drug treatment services through MHS.

**SENTENCING OPTIONS**
**CUSTODY**

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the term of imprisonment is limited to all or part of the term of supervised release originally imposed. The term of imprisonment can never be greater than the original term of supervised release. In this case, the maximum term of imprisonment upon revocation is 3 years (Count 1) and 2 years (Count 2 and 3). 18 U.S.C.§ 3583(e)(3), and Johnson v. U.S., 529 U.S. 694 (2000).

**USSG Provisions:** The allegations (illicit drug use, failure to drug test, failure to attend drug treatment, failure to submit monthly supervision reports, failure to follow USPO's directives) constitute Grade C violations. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the term of imprisonment imposed is less than the maximum authorized term, the court can reimpose supervised release upon release. The length of the new term of supervised release is limited to the term that was originally imposed, less any term of imprisonment ordered upon revocation. 18 U.S.C. § 3583(e)(3), and Johnson v. U.S., 529 U.S. 694 (2000).

In this case, the court has the authority to reimpose a term of 5 year(s) supervised release (Count 1) and 3 years (as to Counts 2 and 3), less any term of imprisonment imposed upon revocation.

**RECOMMENDATION/JUSTIFICATION**

Mr. Watkins' reoccurring noncompliance must be addressed. It is clear that the undersigned probation officer's repeated admonishments along with other interventions to include more frequent drug testing and participation in outpatient drug treatment services have not been effective in impressing upon the offender the importance of following Court orders. At this juncture, the probation officer believes the offender has been using illicit substances and deliberately missing drug tests to mask his use.

In light of all given factors, should Mr. Watkins be found in violation, it is recommended supervised release be revoked and that he be sentenced to five months custody to be followed by 24 months of supervision (all Counts concurrent) under the same terms and conditions as previously ordered. It is also recommended that the offender be ordered to enter and complete a residential drug treatment program, as directed by the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: July 22, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by ______________________
Carlos Hernandez
United States Probation Officer
(619) 557-5862

Reviewed and approved:

______________________
Cynthia M. Poblete
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** WATKINS, John

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-7024-001-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| illicit drug use | C |
| failure to drug test | C |
| failure to attend drug treatment | C |
| failure to submit monthly supervision reports | C |
| failure to follow USPO's directives | C |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b)) [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a)) [ III ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a)) [ 5 - 11 months]

7. **Unsatisfied Conditions of Original Sentence**: None.

**THE COURT ORDERS:**

_X_ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ Other ______________________________

Irma E. Gonzalez
The Honorable Irma E. Gonzalez
Chief U.S. District Judge

7/23/08
Date